Good morning, your honors. May it please the court, Michelle Jacobs for the defendant, Mr. Conor. The government has conceded here that the district court erred as a matter of law when it operated under the assumption during the resentencing on remand that it was limited essentially to the supervised release conditions issue. There was this withdrawal of attorney issue that everyone sort of let go because it was going to be dealt with during the sentencing hearing. The court under Thompson in this court's cases in Mobley and Lewis had the authority to alter any aspect of the sentence on remand. And the defendant repeatedly asked the court to do that. At his peril. I'm sorry? At his peril. At his peril. That I understand. That I understand. But he did repeatedly ask. And it's our position because the resentencing essentially was not procedurally sound that the sentence should be vacated and the case remanded. Why isn't it harmless? It is not harmless for a couple of reasons. First, the government suggests that it's harmless because the district court made this alternative finding that if it had the authority, it wouldn't exercise it. But I'd ask the court to look carefully at page four of the sentencing transcript, which is where that finding is made. The government says to the court, if the court had authority, we don't think you should exercise it. And I quote, even if the court had the authority, you wouldn't consider issues that were already addressed at the first sentencing and readdress them today. And the court said, no, I would not. But there were additional issues that the defendant had raised in his sentencing memorandum that had not been addressed at that first sentencing. And this court in Mobley and this court in Lewis has said that this is essentially a complete do-over, including new issues, if the court chooses to do so. Now, I recognize the court has that discretion. But it seems here that that finding was pretty carefully, by the government and then the district court, limited to... Does the defendant change his entire thing of how much was embezzled and how many people were embezzled? The argument that essentially he was making was that there was conduct that had been considered relevant conduct that was not. He agreed to all that. At the first sentencing, there was no challenge. I don't dispute there was no challenge to the relevant conduct at the first sentencing. The main thing is practically, realistically, why in the heck should we send this case back for 10 or more years that he'll receive? You should send this case back because in two respects, it's not procedurally... You want us to really sentence. That's what my view has been forever, because you get another shot at the sentencing. Then let us look at the reasons and rationale to change the sentence. What if we find there wasn't any? I'm not sure I understand the question, Judge. I'm sorry. If I were sitting as a trial judge, would I really consider what you argued as a reason to change a 10-year sentence with no supervised release? Would you consider changing the 10-year sentence? I don't know. I don't know. Well, of course you don't know. You're not the sentencing judge. I am. Right. But what I do know, Judge, is that there's two problems here. The other problem, and I think it's important, is the defendant here had a right to elocution. And he did get to speak, there's no doubt, because he was pro se. But please at least take note that by the bottom of page 4 of the sentencing transcript, before the defendant has said anything other than, I should get a chance to dispute these... Judge, can you tell me why you don't get elocution if you're arguing your own case? No, I'm saying that the sentence was imposed before he got to speak. At page 4 of the sentencing transcript, the district court says, I'm giving you 10 years again, and the only thing we're here to talk about is supervised release. And, in fact, when he was invited to speak, he was invited to speak only about the issues that, as the court said, it had authority to address. And it was mistaken. There's no question here, the government... Then maybe we ought to change the law. Well, that's obviously your... that is within your purview, there's no doubt. But under Mobley and under Lewis, I would suggest that because the sentencing hearing, the remand, was not procedurally sound, this court has said the defendant gets a new shot. I mean, whether you agree with that or not, I guess, is a different issue. But that is the law as it stands now. That's why there was an error, but the question is...